UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA FRANCELLIA GILDER,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 2:15-cv-01157-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court reverses defendant's decision to deny benefits and remands this matter for further administrative proceedings.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

  On January 4, 2012, plaintiff filed an application for disability insurance benefits, alleging disability as of July 1, 2002. Dkt. 8, Administrative Record (AR) 13. That application was denied on initial administrative review on August 21, 2012 and on reconsideration on October 15, 2012. *Id.* A hearing was held before an administrative law judge on November 8, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. AR 26-45.

  In a decision dated November 20, 2013, the ALJ determined plaintiff to be not disabled.

ORDER - 1

AR 13-21. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 26, 2015, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1; 20 C.F.R. § 404.981. On July 21, 2015, plaintiff filed a complaint in this Court seeking judicial review of that decision. Dkt. 1. The administrative record was filed with the Court on September 21, 2015. Dkt. 9. As the parties have completed their briefing, this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred in failing to provide sufficient reasons for discounting her credibility. For the reasons set forth below, the Court agrees the ALJ so erred, and thus in determining plaintiff to be not disabled, and therefore finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation

ORDER - 2

omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *See id.*

The ALJ in this case discounted plaintiff's credibility on the basis that her allegations of disabling symptoms and limitations were inconsistent with the objective medical evidence in the record. AR 17-19. A determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). However, a claimant's pain testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.1991) (*en banc*)) (emphasis added); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The same is true with respect to a claimant's other subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995).

ORDER - 4

Defendant concedes the ALJ erred in basing his adverse credibility determination solely on the objective medical evidence in the record, but argues this error was harmless because the ALJ did not err in evaluating that evidence, which in turn supports the ALJ's ultimate non-disability determination. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision."). Defendant's position appears to be that as long as the ALJ correctly evaluates the medical evidence, it does not matter whether the ALJ failed to provide valid reasons for rejecting the claimants pain or other testimony, even where that testimony indicates the presence of symptoms or limitations greater in severity than what the medical evidence supports. The Court is not persuaded.

As noted above, the Ninth Circuit consistently has made it clear that "[w]hile an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence," and that "unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). This emphasis on the need to provide clear and convincing reasons for rejecting a claimant's subjective testimony *beyond* mere inconsistency with the objective medical evidence in the record, is supported by the Commissioner's own recognition that "'[c]areful consideration' be given to any evidence about symptoms 'because subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone.'" *Id.* (quoting Social Security Ruling (SSR) 96–8p, 1996 WL 374184, at *5).

ORDER - 5

Indeed, the Ninth Circuit has found that failing "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints" constitutes the type of "fundamental procedural" error that warrants finding the government's position to be not substantially justified in determining whether attorney fees sought under the Equal Access to Justice Act are warranted. *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008). The Court also is mindful of the Ninth Circuit's recognition that its "precedents have been cautious about when harmless error should be found." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quoting *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015)). Nor does the Court agree with defendant that "there is no apparent reason from the record why Plaintiff could not work in [the] occupations" identified by the vocational expert at the hearing. Dkt. 11, p. 4.

As noted by the ALJ, plaintiff alleges she cannot sit for long periods of time and can only stand and walk for short periods. AR 17. At the hearing, the vocational expert testified that a restriction to standing and/or walking for less than two hours in an eight-hour day and sitting for less than six hours in an eight-hour day, would rule out competitive employment for an someone such as plaintiff. AR 43. Plaintiff's allegations concerning her limited ability to sit, stand and walk, although not numerically specific, certainly could be consistent with the restrictions the vocational expert addressed. Accordingly, the Court finds the ALJ's error in failing to provide sufficient reasons for discounting plaintiff's credibility was not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is

ORDER - 6

unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain in regard to plaintiff's credibility, and thus both her residual functional capacity (RFC)[2] and ability to perform other jobs existing in significant numbers in the national economy,[3] remand for further consideration of those issues is warranted.

---

[2] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184, at *2. A claimant's RFC is used at step four of the sequential disability evaluation process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *Id.* RFC thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* Here, the ALJ found plaintiff was capable of performing a modified range of sedentary work. AR 16. But because the ALJ erred in discounting plaintiff's credibility, it is far from clear that the ALJ's RFC assessment completely and accurately describes all of her functional limitations.

[3] If a claimant cannot perform his or her past relevant work at step four of the sequential disability evaluation process, at step five thereof the ALJ must show a significant number of jobs exist in the national economy that the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). In this case, the ALJ found plaintiff to be capable of performing other jobs

ORDER - 7

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 4th day of January, 2016.

Karen L. Strombom
United States Magistrate Judge

---

existing in significant numbers in the national economy based on the vocational expert's testimony, which in turn was based on a hypothetical individual with the same age, education, work experience, and RFC as plaintiff. AR 20. Again, though, because the ALJ erred in discounting plaintiff's credibility and thus in assessing her RFC, the ALJ's reliance on the vocational expert's testimony and therefore his step five determination cannot be said to be supported by substantial evidence or free of error.

ORDER - 8